IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BILAL A. JIHAD, | § | |
| TDCJ No. 02207699, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00026-O-BP |
| | § | |
| MATT MCCLARIN, WARDEN, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Bilal A. Jihad. ECF No. 1. Petitioner challenges a judgment of conviction and sentence from a court in Wichita County, Texas, though it is unclear from the Petition which court entered the judgment and sentence. *Id.* at 2. After consideration of the pleadings and the applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **without prejudice**.

On April 28, 2021, the undersigned entered a Notice of Deficiency and Order which ordered Petitioner to: "file an Amended Petition for Writ of Habeas Corpus that contains a complete copy of the petition, using the form of Petition for a Writ of Habeas Corpus by a Person in State Custody that is available in the law library of the prison unit in which Petitioner is confined." ECF No. 5.at 1. The Order required Petitioner to cure the deficiency by May 27, 2021 and cautioned him that "[f]ailure to comply with this Order may result in dismissal of the petition

without further notice." *Id.* As of today, Petitioner has not filed an Amended Petition in compliance with the Court's Notice of Deficiency and Order.

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson*, 157 F.3d at 1031; *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Petitioner has failed to comply with the Court's order. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although Petitioner has failed to comply with the Court's orders, it is not evident from the record that Petitioner has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Petitioner's Petition for Writ of Habeas Corpus **without prejudice** pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution, and order that Petitioner may reopen this case by filing a motion to reopen and complying with the Court's Notice of Deficiency and Order within

thirty days of the date of Judge O'Connor's order adopting these findings, conclusions, and recommendation, or such other time period as the Court may set.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on August 12, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE