IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BILAL A. JIHAD,<br>TDCJ No. 02207699,<br><br>  Petitioner,<br><br>v.<br><br>MATT MCCLARIN, Warden,<br><br>  Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 7:21-cv-026-O-BP |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas action brought pursuant to 28 U.S.C. § 2254 in which Petitioner appears to challenge his July 2018 conviction in the 78th Judicial District Court of Wichita County, Texas, for the offense of possession with intent to deliver methamphetamine, Cause No. 59,534-B. *See* Amended Petition (Stricken for Lack of Signature), ECF No. 10 at 2. The United States Magistrate Judge entered his Findings, Conclusions, and Recommendation in which he recommends that the petition be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution. Petitioner has filed objections. *See* ECF No. 8.

The District Court reviewed de novo those portions of the Findings, Conclusions, and Recommendation to which objections were made and reviewed the remaining Findings, Conclusions, and Recommendation for plain error. Finding no error, I am of the opinion that the findings of fact, conclusions of law, and reasons for dismissal set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as Findings of the Court. Additionally, the Court makes the following findings:

On April 28, 2021, Petitioner was ordered to file an Amended Petition because his original Petition was missing pages from the Court's Section 2254 habeas form and, as such, was

incomplete. *See* Order, ECF No. 5. Petitioner failed to file an Amended Petition as directed which resulted in the Magistrate Judge's August 12, 2021 recommendation of dismissal. *See* ECF No. 7. Petitioner filed objections to the recommendation in which he advised the Court that, due to COVID safety protocols implemented in the state prison where he is confined, his legal visits have been suspended and his access to the prison law library has been limited. *See* ECF No. 8.

In light of his objections, the Court *sua sponte* granted Petitioner an extension of time until October 5, 2021 in which to file an Amended Petition. *See* Order, ECF No. 9. Petitioner filed an Amended Petition (ECF No. 10) but it was stricken by the Court because it was not signed as required by Rule (2)(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Order, ECF No. 11. Petitioner was ordered to file a Second Amended Petition bearing his signature by November 23, 2021. *Id.* Petitioner was again admonished that "[f]ailure to submit a properly signed Second Amended Petition may result in dismissal of the case without further notice." *Id.* Rather than submit a Second Amended Petition, Petitioner submitted the signature page from the Court's habeas form bearing his signature along with a request that the Court attach the signature page to his first Section 2254 Petition. *See* ECF No. 12.

The Court notes that Petitioner's first Section 2254 Petition is missing pages and, as such, has been deemed deficient by the Court. Attaching Petitioner's new signature page to his first Petition will not cure that deficiency. Additionally, to the extent if any that Petitioner seeks to have the signature page attached to his unsigned Amended Petition, which has been stricken by the Court, the Court finds that it would be inappropriate to engage in guesswork as to Petitioner's intent and cobble together separate filings to create an acceptable Petition on his behalf.

Petitioner has now had over seven months in which to cure the deficiency by filing an Amended Petition. Petitioner's latest reason for failing to comply with the Court's orders is that

his prison is currently on lockdown status and he is therefore unable to get help from another inmate. *See id.* at 1. The Court finds that, under the circumstances of this case, dismissal without prejudice as recommended by the Magistrate Judge is appropriate. Because this action may be time-barred upon dismissal, Petitioner will be permitted to reopen the case by filing a complete and signed Amended Petition using the Court's Section 2254 habeas form within 30 days of the date of this order. After 30 days, Petitioner will be required to file a new Petition.

The **Clerk of Court** shall send Petitioner a copy of his unsigned Amended Petition (ECF No. 10 at 1-10) with the two "October 4, 2021" dates on page 10 removed. Petitioner may sign and date the Amended Petition and return it to the Court or he may file a completely new Amended Petition using the Court's Section 2254 habeas form which is available in his prison law library.

For the foregoing reasons, this action is **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

**SO ORDERED** this **8th day** of **December, 2021**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE